[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #101 CT Page 1067
This action is brought by the Administrator of the Estate of Charles Lazarus and by Samantha Lazarus pursuant to the Connecticut Product Liability Act, Connecticut General Statutes52-572m et seq. The defendants Lindberg Furnace and General Signal Corp. move to strike the fourth count of the complaint which alleges loss of consortium on behalf of Samantha Lazarus. The issue this presented is whether the Connecticut Products Liability Act provides a cause of action for loss of consortium asserted by a spouse in an action brought against a product seller pursuant to the Act.
The defendants argue that the Products Liability Act is the exclusive remedy for a claim arising from a defective product. Furthermore, it is the defendants' claim that, since loss of consortium is not included in the list of recoverable damages set forth in 52-572m(d) the Legislature intended that such a claim was not to be allowed in an action brought pursuant to the Act. While the plaintiff agrees that the Products Liability Act was intended by the Legislature to be the exclusive remedy for claims falling within its scope, she disagrees with the defendants' claim that in enacting the Product Liability Act it intended to exclude therefrom claims for loss of consortium. This court agrees with the plaintiff.
Prior to the enactment of the Product Liability Statute, one who alleged to have suffered injury as a result of a defective product could bring an action in negligence, breach of warranted and/or strict product liability. The purpose of the Products Liability Act was to consolidate those various causes of action into one exclusive action for harm caused by a product. See Daily v. New Britain Machine Company, 200 Conn. 562 (1986). This court does not, however, read the language of the Act as intending to eliminate a cause of action for loss of consortium, which, as the defendant apparently concedes, existed prior to its enactment. If such was the intent of the legislature, it could have specifically said so.
Accordingly, the motion to strike is denied.
Bruce W. Thompson, Judge CT Page 1068